**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **DAVID HALL** | : | **Case No.: 1:19-cv-2181** |
| **722 Hess Street** | : | |
| **Galion, OH  44833,** | : | **Judge:** |
| | : | |
| **and** | : | |
| | : | |
| **ROBERT MOYER** | : | |
| **P.O. Box 558** | : | |
| **Belleville, OH  44813,** | : | |
| | : | |
| **Plaintiffs, for themselves** | : | |
| **and all others similarly** | : | |
| **situated,** | : | |
| | : | |
| **v.** | : | |
| | : | |
| **FLASHOVER MAINTENANCE, LLC** | : | |
| **Serve Statutory Agent** | : | |
| **Matthew M. Mitchell** | : | |
| **540 West Market Street** | : | |
| **Lima, OH  45801,** | : | |
| | : | |
| **and** | : | |
| | : | |
| **BRIAN KNOWLTON** | : | **Jury Demand Endorsed Hereon** |
| **120 Harding Way East** | : | |
| **Galion, OH  44833,** | : | |
| | : | |
| **Defendants.** | : | |

**PLAINTIFFS' COMPLAINT**

NOW COME Plaintiffs David Hall and Robert Moyer (collectively, "Plaintiffs" or "Named Plaintiffs"), individually and on behalf of other members of the general public similarly situated, and proffer this Complaint for damages against Defendants Flashover Maintenance, LLC and Brian Knowlton (collectively, "Defendants").

## JURISDICTION AND VENUE

1.  This action is brought pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §201, *et seq*., and the Ohio Minimum Fair Wage Standards Act, O.R.C. Chapter 4111 ("Chapter 4111").

2.  Jurisdiction is conferred upon this Court by 28 U.S.C. § 1331, which provides for original jurisdiction of Plaintiffs' claims arising under the laws of the United States.

3.  This Court has jurisdiction over Plaintiffs' claims under the statutory law of Ohio pursuant to supplemental jurisdiction as codified at 28 U.S.C. § 1367.

4.  Venue is proper in this forum pursuant to 28 U.S.C. §1391, because Plaintiffs entered into an employment relationship with Defendants in the Northern District of Ohio and performed their job duties there and Defendants are doing and have done substantial business in the Northern District of Ohio.

## THE PARTIES

5.  Plaintiff David Hall ("Plaintiff Hall") is an individual, a United States citizen, and a resident of the state of Ohio.

6.  Plaintiff Robert Moyer ("Plaintiff Moyer") is an individual, a United States citizen, and a resident of the state of Ohio.

7.  At all times relevant herein, Plaintiffs were "employees" of Defendants as that term is defined in the FLSA and O.R.C. Chapter 4111.

8.  Defendant Flashover Maintenance, LLC ("Defendant Flashover") is an Ohio corporation doing business in the Northern District of Ohio.

9.  Defendant Brian Knowlton ("Defendant Knowlton") is, based upon information and belief, the owner and president of Defendant Flashover.

2

10. At all times relevant herein, Defendant Flashover was a covered "employer" as that term is defined in the FLSA and O.R.C. Chapter 4111.

11. At all times relevant herein, Defendant Knowlton was a covered "employer" as that term is defined in the FLSA and O.R.C. Chapter 4111.

12. At all times relevant to this action, Defendants were engaged in commerce or in the production of goods for commerce, and/or the business activities of Defendants constituted an enterprise engaged in commerce within the meaning of the FLSA.

13. During relevant times, Defendant Knowlton had the authority to hire, fire, and discipline employees, including Plaintiffs.

14. During relevant times, Defendant Knowlton had the authority to set rates and methods of compensation of employees, including Plaintiffs.

15. During relevant times, Defendant Knowlton had the authority to control the work schedules and employment conditions of employees, including Plaintiffs.

16. During relevant times, Defendant Knowlton had ultimate authority and control of the employment records of Defendants' employees, including Plaintiffs.

17. During relevant times, Defendants mutually benefitted from the work performed by employees, including Plaintiffs.

18. During relevant times, Defendants have not acted entirely independently of each other and have not been completely disassociated with respect to Plaintiffs.

19. During relevant times, Defendants shared the services of employees, including Plaintiffs.

20. During relevant times, Defendants acted directly or indirectly in the interest of each other in relation to employees, including Plaintiffs.

3

21. Upon information and belief, Defendants' employees were engaged in interstate commerce and Defendants have annual gross volume sales and/or business in an amount not less than $500,000.

22. Plaintiffs bring this action on their own behalf and on behalf of those similarly situated, and Plaintiffs have given written consent to bring this action to collect unpaid overtime and other unpaid compensation under the FLSA. The consent forms are being filed along with the Complaint pursuant to 29 U.S.C. § 216(b).  (Attached as Exhibit A).

## FACTUAL BACKGROUND

23.  Plaintiff Hall began working with Defendants in or around the summer of 2016.  Plaintiff Hall's employment ended in July 2019.

24.  Defendant Flashover is a company that provides lawncare, hardscaping, and snow removal services (hereinafter, "Services"), for both residential and commercial properties.

25.  Throughout Plaintiff Hall's employment at Defendants, he performed the Services that Defendants offer their customers.

26.  At the time Plaintiff Hall began his employment with Defendants, he was paid on an hourly basis and worked approximately 65 to 70 hours per workweek.

27.  Defendants paid Plaintiff Hall straight time for all hours worked in any given workweek, including hours worked over 40 per workweek.

28.  In early 2018, Defendants began paying Plaintiff Hall a salary based on a 40-hour workweek. During this time, Defendants paid Plaintiff Hall a set amount of money per week regardless of how many hours Plaintiff Hall worked.

29.  In June 2019, Defendants increased Plaintiff Hall's set weekly rate and reduced his hours to 45-50 hours per week.

4

30.  While paying Plaintiff Hall on a weekly basis from early 2018 to July 2019, Defendants did not provide Plaintiff Hall with pay or premium overtime payments for hours worked over 40 per workweek.

31.  During the period where he received a salary, Defendants classified Plaintiff Hall as an employee exempt from overtime laws, as Defendants never paid him a premium rate for hours he worked above 40 in a workweek.

32.  Throughout Plaintiff Hall's employment at Defendants,  he went from customer to customer of Defendants providing Services almost exclusively with one other employee of Defendants.

33.  At no point during Plaintiff Hall's employment did he regularly supervise two or more employees.

34.  At no point during Plaintiff Hall's employment did he have authority to hire, fire, discipline, or otherwise supervise Defendants' employees.

35.  Plaintiff Moyer began working with Defendants in September 2017.  Plaintiff Moyer's employment ended in July 2019.

36. Throughout his employment, Plaintiff Moyer performed the Services that Defendants offer their customers.

37. At the time Plaintiff Moyer began his employment with Defendants, he was paid on an hourly basis and worked between 50 and 75 hours per workweek.

38. From September 2017 through April 2018, Defendants paid Plaintiff Moyer straight time for all hours worked in any given workweek, including hours worked in excess of 40 per workweek.

39. From April 2018 through November 2018, Defendants paid Plaintiff Moyer a salary based on a 40-hour workweek, regardless of whether he worked in excess of 40 hours per workweek.

40. From April 2018 through November 2018, Defendants deducted pay from Plaintiff Moyer's paycheck if he did not work 40 hours per workweek.

41. From April 2018 through November 2018, Defendants did not provide Plaintiff Moyer with pay or premium overtime payments for hours worked in excess of 40 per workweek.

42. In or around November 2018, Defendants began paying Plaintiff Moyer overtime premium payments for hours worked in excess of 40 hours per workweek.

43. Throughout Plaintiff Moyer's employment at Defendants, he went from customer to customer of Defendants providing Services almost exclusively with one other employee of Defendants.

44. At no point during Plaintiff Moyer's employment did he regularly supervise two or more employees.

45. At no point during Plaintiff Moyer's employment did he have authority to hire, fire, discipline, or otherwise supervise Defendants' employees.

46. Plaintiffs' employment relationship with Defendants was for an indefinite period of time.

47. Defendants provided Plaintiffs all equipment necessary to perform Services.

48. Plaintiffs had no opportunity for increased profit or loss based on performance.

49. Defendants had the right to control the manner in which Services were performed.

50. Services constitute an integral part of Defendants' business.

## COLLECTIVE ALLEGATIONS

51. The Named Plaintiffs bring their FLSA claim pursuant to 29 U.S.C. § 216(b) as a representative action on behalf of themselves and all other Similarly Situated Persons ("SSPs") of the opt-in class, consisting of a general class of individuals who were not provided with proper overtime payments under the FLSA and divided into two discrete subclasses:

> All current and former employees of Defendants who performed the Services, and who worked over 40 hours in any workweek beginning September 19, 2016 through the present and were not provided with premium overtime pay for hours worked in excess of 40 hours per workweek; and

> All current and former employees of Defendants who performed the Services, and who worked over 40 hours in any workweek beginning September 19, 2016 through the present and were paid a salary that did not provide for pay for hours worked in excess of 40 hours per workweek, including, but not limited to, overtime premium payments.

52. Upon information and belief, there are approximately ten (10) or more similarly situated individuals within the combined general class.

53. This FLSA claim is brought as an "opt-in" collective action pursuant to 29 U.S.C. § 216(b) as to claims for overtime compensation, compensation withheld in violation of the FLSA, liquidated damages and attorneys' fees under the FLSA. In addition to Named Plaintiffs, numerous putative SSPs have been denied proper overtime compensation due to Defendants' company-wide payroll policies and practices. The Named Plaintiffs are representative of those other similarly situated employees and are acting on behalf of their interests as well as their own in bringing this action.

54. The identities of the putative SSPs are known to Defendants and are readily identifiable through Defendants' payroll records. These individuals may readily be notified of this action and allowed to opt into it pursuant to 29 U.S.C. § 216(b), for the purpose of collectively adjudicating

their claims for overtime compensation, liquidated damages, attorneys' fees and costs under the FLSA.

**FIRST CAUSE OF ACTION**
**FLSA Action, 29 U.S.C. §201, *et seq*.**
**Failure to Pay Overtime Premium Payments**

55.  All of the preceding paragraphs are realleged as if fully rewritten herein.

56.  This claim is brought as part of a collective action by the Named Plaintiffs on behalf of themselves and all other SSPs.

57.  Plaintiffs and the SSPs were, at times, paid on an hourly rate, but not provided with premium overtime payments for hours worked in excess of 40 hours in a workweek.

58.  Defendants were aware that Plaintiffs and the SSPs worked significantly more than 40 hours per workweek but were not receiving premium overtime payments for hours worked in excess of 40 per workweek.

59.  Defendants knew or should have known they were required to pay Plaintiffs and the SSPs federal overtime pay.

60.  Accordingly, Plaintiffs and the SSPs were forced to work for Defendants without receiving their federal overtime premiums.  As a result, Plaintiffs and the SSPs have been damaged.

**SECOND CAUSE OF ACTION**
**FLSA Action, 29 U.S.C. §201, *et seq*.**
**Failure to Pay Overtime Premium Payments**

61.  All of the preceding paragraphs are realleged as if fully rewritten herein.

62.  This claim is brought as part of a collective action by the Named Plaintiffs on behalf of themselves and all other SSPs.

63.  Plaintiffs and the SSPs were, at times, paid on a salary basis, but not provided with pay or premium overtime payments for hours worked in excess of 40 hours in a workweek.

8

64.   Defendants were aware that Plaintiffs and the SSPs worked significantly more than 40 hours per workweek but were not receiving pay or premium overtime payments for hours worked in excess of 40 per workweek.

65.   Defendants knew or should have known they were required to pay Plaintiffs and the SSPs federal overtime pay.

66.   Accordingly, Plaintiffs and the SSPs were forced to work for Defendants without receiving their federal overtime premiums.  As a result, Plaintiffs and the SSPs have been damaged.

**THIRD CAUSE OF ACTION**
**OMFWSA O.R.C. §4111, *et seq*.**
**Failure to Pay Overtime**

67. All of the preceding paragraphs are realleged as if fully rewritten herein.

68. This claim is brought under Ohio Law.

69. Defendants' repeated and knowing failure to pay Plaintiffs overtime wages for hours worked in excess of 40 violated Section 4111.03 of the Ohio Revised Code.

70. For the Defendants' violations of ORC §4111.03, Plaintiffs are entitled to recover unpaid wages, interest, attorneys' fees, liquidated damages, and all other remedies available under Ohio law.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs seek request judgment against Defendants, jointly and individually, for an Order:

A.  Certifying the proposed FLSA collective action;

B.  Directing prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to the SSPs apprising them of the pendency of this action, and permitting them to timely assert their rights under the FLSA and pursuant to 29 U.S.C. § 216(b);

C.  Directing Defendants, at their own expense, to investigate and account for the number of hours actually worked by Named Plaintiffs and the putative collective members per week, and, if Defendants failed to keep accurate records in accordance with Ohio Law, Named Plaintiffs and the SSPs are entitled to prove their hours worked with reasonable estimates;

D.  Awarding to the Named Plaintiffs and the SSPs unpaid compensation, including overtime wages as to be determined at trial together with any liquidated damages allowed by the FLSA;

E.  Awarding to the Named Plaintiffs and the SSPs unpaid compensation, including overtime wages as to be determined at trial together with any liquidated damages allowed by Ohio Law;

F.  Awarding Named Plaintiff and the SSPs costs and disbursements and reasonable allowances for fees of counsel and experts, and reimbursement of expenses;

G.  Awarding Named Plaintiffs and the SSPs such other and further relief as the Court deems just and proper;

H.  Issuing an injunction prohibiting Defendants from engaging in present, ongoing and future violations of the FLSA and Ohio Law;

I.  Granting the Named Plaintiffs leave to amend to file additional claims for relief or different causes of action should information become available through investigation and discovery; and

10

J.   Rendering a judgment against Defendants for all damage, relief, or any other recovery

whatsoever.

Respectfully submitted,

/s/ Bradley L. Gibson
Bradley L. Gibson (0085196)
Brian G. Greivenkamp (0095918)
**GIBSON LAW, LLC**
9200 Montgomery Road, Suite 11A
Cincinnati, OH  45242
brad@gibsonemploymentlaw.com
brian@gibsonemploymentlaw.com
513.834.8254 [T]
513.834.8253 [F]

## JURY DEMAND

Plaintiffs demand a jury trial by the maximum persons permitted by law on all issues herein

triable to a jury.

/s/ Bradley L. Gibson
Bradley L. Gibson (0085196)

11